# **EXHIBIT B**

Case 4:21-cv-01593   Document 1-2   Filed on 05/13/21 in TXSD   Page 2 of 9

4/9/2021 12:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52309790
By: Patricia Jones
Filed: 4/9/2021 12:40 PM

Cause No. _____

| | | |
|---|---|---|
| **Tammy Mathews** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **-VS-** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Wal-Mart Stores, Inc.** | § | _____**JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **TAMMY MATHEWS**, hereinafter referred to as Plaintiff, and complains of **WAL-MART STORES, INC.**, hereinafter referred to as Defendant. Whether one or more, and files this her Original Petition and would respectfully show this Honorable Court as follows:

### I.   Discovery Control Plan

1.1   Pursuant Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level of this Rule

### II.   Request for Disclosure

2.1   Pursuant to Rule 194of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 **within fifty days** of the service of this request.

### III. Parties

3.1   Plaintiff is a resident of Harris County, Houston, Texas.

3.2   Defendant, **WAL-MART STORES, INC.** is a corporation authorized to transact business in the State of Texas. Defendant, **WAL-MART STORES, INC.'s** principle place of business is in Texas and has been served with citation.  Said Defendant may be served with process by serving its agent, C.T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

## IV. Jurisdiction

4.1   The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is within the minimum jurisdictional limits of this Honorable Court. The Plaintiff seeks monetary relief of over $250,000.00 but not more than $1,000,000.00.

4.2   The court has personal jurisdiction over Defendant, Wal-Mart Stores, Inc. because Defendant maintain continuous and systematic contacts within the State of Texas owning, leasing, servicing and/or providing services throughout the State of Texas. Additionally, Defendant maintains a registered agent in the State of Texas.

## VI. Venue

5.1   Venue is proper and maintainable in Harris County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to the claim occurred in Harris County, Texas.

## VI. Factual Background

6.1   On or about September 22, 2020, Plaintiff Tammy Mathews was walking inside of Wal-Mart, located at 2391 S. Wayside Drive, Houston, Texas 77023, Harris County, Texas. Plaintiff's serious injuries occurred when she was walking inside the store and slipped falling to the floor, Plaintiff, thought to be water spilled, that had been allowed to remain on the floor of the pedestrian area designed for use by patrons/invitees of the store. The water had been on the floor for a long enough period of time that the Defendant should have known of the dangerous condition, or alternatively the Defendant had actual knowledge of the dangerous condition. Due to the severity of the injuries. Ms. Mathews required medical treatment and remains disabled.

6.2   At the time of the incident, Plaintiff was an invitee on the property in question. The property is owned, controlled, and/or managed by Defendant **WAL-MART STORES, INC.,** and serviced and maintained by Defendant. At no time did Plaintiff do or fail to do anything which caused or in anyway contributed to the incident in question. Plaintiff received no warnings prior to the incident and was fault. Said

incident was proximately caused by the negligence of Defendants and/or Defendants' agents, servants, employees and/or representatives.

## VII. Negligence of Defendant, Wal-Mart Stores, Inc.

7.1 At the time ad on the occasion in question, Defendant **Wal-Mart Stores, Inc.,** owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries.

a. Plaintiff was an invitee on the property;

b. A condition on the premises posed an unreasonable risk of harm;

c. Defendant knew or reasonably should have known of the risk of harm;

d. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or make the condition safe.

e. Defendant breached the duty of ordinary care by allowing the substance to remain on the floor;

f. Defendant breached the duty of ordinary are by allowing the substance to remain on the floor; and

g. Defendant's breach proximately caused the Plaintiff's injuries.

7.2 At the time of the incident in question, Defendant **Wal-Mart Stores, Inc.** and its agents servants, employees and/or representatives, controlled, serviced and/or maintained the exact premises in question where the incident took place. Defendant owed a duty to Plaintiff to prevent foreseeable risk of injury and assumed a duty to provide a safe premises. As a matter of routine, Defendant should have discovered the dangerous condition and taken corrective action in a timely manner, but failed to do so. Specifically, Defendant breached its duty of care by allowing the display thought to be water to remain in a pedestrian area of the store and by not promptly assuring that invitees to the store had a safe surface on which to walk while visiting and caused the incident in question and the resulting damages.

### VIII. *Respondeat Superior*

**8**.1   Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the upkeep of the of the walking/pedestrian areas of the mall were acting in the capacity as an agent, servant, and/or employee of Defendant **WAL-MART STORES, INC.,** and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendants and they should be held responsible for the acts of their agents and/or employees and/or servants.

8.2   Plaintiff states that the foregoing, Defendants and their agents, representatives, servants and/or employees are jointly and severally liable for the damages and the injuries of Plaintiff.

### IX. Damages

9.1   By reason of the foregoing, Plaintiff has sustained damages for which she seeks compensation under the law;

  a. physical pain and suffering sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

  b. mental anguish sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

  c. medical expense Plaintiff has incurred in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

  d. physical impairment sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

  e. all other elements of damage to which Plaintiff may show herself to be entitled to under law.

### X. Interest

10.1   In addition to the above and foregoing allegations, Plaintiff further pleads that she is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XI. Prayer

11.1    FOR THESE REASONS, Plaintiff prays that Defendant, be duly cited to appear and answer herein, and that upon a final trial of this cause of action Plaintiff recover:

(a)    Judgment against the Defendant, for Plaintiff's actual damages as set forth above, in an amount within the jurisdictional limits of this Court;

(b)    Pre-judgment interest and post-judgment interest as provided by law;

(c)    Costs of court;

(d)    Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

DeSimone Law Office

By: */s/ Donald G. DeSimone*
Donald G. DeSimone
SBN: 05776710
4635 Southwest Freeway
Suite 850
Houston, Texas 77027
Email: ddesimone@desimonelawoffice.com
Phone#      (713) 526-0900
Fax#    (713) 526-8041
**Attorney for Plaintiff**

4/22/2021 4:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52742103
By: KATINA WILLIAMS
Filed: 4/22/2021 4:25 PM

CAUSE NO. 2021-21086

| | | |
|---|---|---|
| TAMMY MATTHEWS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES INC | § | |
| Defendant. | § | |
| | § | 152nd JUDICIAL DISTRICT |

## **DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART STORES TEXAS, LLC, incorrectly sued as WALMART STORES INC., files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I. **General Denial**

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendants in Plaintiff's Original Petition.

### II. **Affirmative Defenses**

2. Defendant asserts the affirmative defense of contributory negligence. The actions of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Jury Demand

9. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.  Prayer

FOR THESE REASONS, Defendant WALMART STORES TEXAS, LLC, incorrectly sued as WALMART STORES INC., respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant WALMART STORES TEXAS, LLC, and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

>Respectfully submitted,
>MEHAFFYWEBER, P.C.
>
>By: <u>/s/Maryalyce W. Cox</u>
>Maryalyce W. Cox
>State Bar No. 24009203
>One Allen Center
>500 Dallas, Suite 2800
>Houston, Texas  77002
>Telephone  - (713) 655-1200
>Telecopier  - (713) 655-0222
>maryalycecox@mehaffyweber.com
>
>ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on April 22, 2021, pursuant to the Texas Rules of Civil Procedure.

><u>Maryalyce W. Cox</u>
>Maryalyce W. Cox